MR. JUSTICE KELLEY
dissenting:
I respectfully dissent to the ruling that the Secretary of State did not effectively delegate authority to the Deputy Secretary of State to conduct the hearing and make the decision.
Frank J. Grady, Deputy Secretary of State, was the sole witness before the trial court. He testified, as indicated in the majority opinion, that because of the necessity for the Secretary to be away, “she asked that I take the morning hearings which we had scheduled.” That is a delegation to conduct the hearings.
Grady did conduct the hearing. He further testified:
“. . . that the objector submitted evidence that 55 of those signatures were not valid for the reasons as has come out in this hearing, and therefore, I had ruled — I had sustained the objection and refused to have Mr. Olshaw’s name placed on the ballot.”
The Secretary of State, after returning to the office, received a report of her deputy’s action and said she agreed with him. He formalized his findings and ruling, executed the document and she approved in writing what he had done.
Conducting the hearing requires the making of rulings on evidence. Those rulings in this case of necessity dictated the final decision. It follows, therefore, that the authority to *367 conduct the hearing carried with it the authority to make the ultimate decision.
To me the authority delegated to the deputy was properly executed and constituted the legal action of the Secretary of State.
MR. JUSTICE GROVES has authorized me to say that he joins in this dissent.